

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2008

# Soetrisno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Soetrisno v. Atty Gen USA" (2008). *2008 Decisions.* Paper 980.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/980

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3023

———————

UMAR SOETRISNO
RINA LAKSMIWATI,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A96 266 197; A96 266 198)
Immigration Judge:  Honorable Rosalind Malloy

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008

Before:  AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed:  June 25, 2008)

———————

OPINION

———————

PER CURIAM

Umar Soetrisno and Rina Laksmiwati, husband and wife, are natives and citizens

of Indonesia who entered the United States in 1999.  In 2003, the petitioners applied for

asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), claiming that they were persecuted because of their Chinese ethnicity and Christian religion.[1] The petitioners were then charged with removability for having overstayed their admission period. See Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. They admitted the allegations in the Notice to Appear and conceded the charge of removability.

At an evidentiary hearing before an Immigration Judge ("IJ"), Soetrisno testified that locals and unemployed men would demand money from him when he opened the family's grocery store. If he did not pay, the individuals would hit him. Soetrisno also claimed that he was injured during an incident in which his motorcycle was stolen. When Soetrisno held prayer meetings at his home approximately once a month, native Indonesians would shout, play loud music, and throw rocks at his house. Finally, Soetrisno alleged that he had to pay higher fees for government documents. According to Soetrisno, these incidents occurred because of his Chinese ethnicity or Christian religion.

The Immigration Judge ("IJ") denied the petitioners' applications for asylum, noting that they were filed more than one year after the petitioners' arrival in the United States. See INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)] (requiring filing within one year of arrival). The IJ also denied their applications for withholding of removal and for relief under the CAT, finding that Soetrisno's experiences did not rise to the level of

_____

[1] Laksmiwati's claims are derivative of her husband's.

2

persecution. The Board of Immigration Appeals ("BIA") dismissed Soetrisno's appeal. The Board agreed that the asylum application was time-barred and that Soetrisno failed to meet the burdens of proof on his withholding and CAT claims. The petitioners petitioned for review of the BIA's order.

We have jurisdiction over the petition pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)], but our review in this case is limited to issues relating to the denial of withholding of removal and relief under the CAT.[2] Because the BIA substantially relied on the IJ's determinations and also issued its own decision, this Court reviews the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review the factual determinations in these decisions under the substantial evidence standard. See Toure v. Attorney General, 443 F.3d 310, 316 (3d Cir. 2006). Under that standard, the decisions must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

For withholding of removal to a particular country under the INA, an applicant must prove that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3). "To meet this test, the alien must demonstrate that there is a greater-

---

[2] We are precluded from reviewing the denial of the asylum applications as untimely. See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

than-fifty-percent chance of persecution upon his or her return." Senathiraja v. INS, 157 F.3d 210, 215 (3d Cir. 1998). "[I]f an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution" standard for withholding of removal. Zubeda, 333 F.3d at 469-70. Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted). It "does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id.

Soetrisno experienced robberies, assaults, theft of his motorcycle, prayer meeting disruptions, and higher costs for government documents. Clearly, these incidents were objectionable. It does not follow, however, that he would face a "greater-than-fifty-percent chance" of threats to his life or freedom upon his removal to Indonesia. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Notably, although Soetrisno stated that he was hit by individuals seeking money and was knocked off his motorcycle, and assuming this crime was motivated by his ethnicity or religion, he did not allege that any of his injuries were particularly serious. In addition, there is no indication that the money Soetrisno paid to

4

the robbers was so severe an economic restriction as to constitute persecution. Moreover, throwing rocks and making loud noises at Soetrisno's home during prayer sessions, while certainly unpleasant, does not rise to the level of persecution, nor, on this record, does overpaying for government documents. There is, therefore, substantial evidence to support the BIA's conclusion that the petitioners failed to establish past persecution.

The petitioners assert that "even if [they have] not suffered past persecution . . ., the longstanding pattern and practice of persecution against ethnic Chinese-Christians in Indonesia is sufficient to establish a well-founded fear of persecution." The record contains the State Department's 2002 Country Report for Indonesia, which references violence against some Chinese-Indonesian individuals and businesses. Those incidents, however, are related to the widespread riots in 1998. The Report suggests that progress is being made in reducing discrimination against the Chinese community. The petitioners have not demonstrated that the agency overlooked any critical evidence in reaching its conclusion. Substantial evidence supports the conclusion that the petitioners failed to establish a pattern or practice of persecution in Indonesia. See Lie, 396 F.3d at 537-38. Finally, the BIA properly denied the petitioners' CAT claim because the record evidence does not compel the conclusion that they are "more likely than not" to be tortured if returned to Indonesia. See Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

For these reasons, we will deny the petition for review.